UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Carrie Ann Welch,   Case No.: 14-44618-wsd
  Chapter 7
    Debtor.   Hon. Walter Shapero
_____/

Visions Spa Salon, Inc.,

    Plaintiff,

v.

Carrie Ann Welch,   Adv. Pro.: 14-04574-wsd

    Defendant.
_____/

## OPINION INCIDENT TO CROSS MOTIONS FOR SUMMARY JUDGMENT

### Introduction

Visions Spa Salon, Inc. ("Plaintiff") filed this nondischargeability action against the debtor-defendant Carrie Ann Welch ("Defendant"), alleging a debt of $23,913.56 that is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). Defendant filed a cross Motion for Summary Judgment (Dkt. 52) as to both counts. Plaintiff filed a Motion for Summary Judgment (Dkt. 56) as to the § 523(a)(6) count only. The Court took the matters under advisement.

### Background

The salient undisputed facts follow. Defendant commenced employment with Plaintiff as a hairdresser in August 2009 and upon commencing her employment signed a non-compete agreement. The agreement provided that (a) for one year following her separation from her employment with Plaintiff, she would not directly or indirectly be employed "with any business

1

which is competitive with [Plaintiff] located within a ten (10) mile radius of [Plaintiff]"; and (b) Plaintiff would be entitled to reimbursement of its attorney fees and costs associated with its enforcement of the agreement, among other reimbursable items. Upon resigning from her job with Plaintiff on July 18, 2013, Defendant thereupon began working at Elle Salon, which Defendant concedes was within the ten mile restriction. Defendant later began working at Urban Roots, which Defendant concedes was within the ten mile restriction. Defendant concedes that the radius restriction is calculated and determined based on a geodesic radius, and not by driving distance. Thus, the indicated two employment locations were in violation of the non-compete agreement. Plaintiff sought and, on August 28, 2013, obtained a state court temporary restraining order precluding Defendant from working at Urban Roots. On January 8, 2014, a stipulated-to state court permanent injunction was entered that (a) precluded Defendant from working within a ten mile radius from Plaintiff's location until August 7, 2014; (b) granted Plaintiff $5,000 in attorney fees; and (c) dismissed Plaintiff's state court action against Defendant with prejudice. Defendant filed her Chapter 7 bankruptcy petition on March 20, 2014. Sometime in May 2014, Defendant's bankruptcy counsel (who was apparently different from the attorney representing her in the state court proceeding) advised her that, by virtue of the bankruptcy filing, the non-compete agreement was ineffective or unenforceable. In June 2014, purportedly relying on this advice, Defendant again began working at Elle Salon. Upon discovering this, Plaintiff sought and obtained a state court show cause order relative to an alleged violation of the January 8, 2014 permanent injunctive order (which, as noted, by its own terms was effective only until August 7, 2014). Defendant received a bankruptcy discharge on June 24, 2014. Plaintiff had timely filed this adversary proceeding, alleging a debt of $23,913.56 (comprised of the attorney fees, including but not limited to the aforesaid $5,000) that Plaintiff incurred in enforcing the non-

2

compete agreement to be nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). In a written order dated August 13, 2014, the state court determined that Defendant violated its permanent injunction, but denied Plaintiff's request for attorney fees and costs.[1]

## Summary Judgment Standard

Fed.R.Civ.P. 56 provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Fed.R.Bankr.P. 7056. "Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." *Kalamazoo River Study Group v. Rockwell Intern. Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999) (internal citation omitted). The Court should draw all justifiable inferences in favor of the non-moving party and it should not determine credibility or weigh evidence. *Id.* "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis original). "There is no genuine issue of material fact when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Williams v. Leatherwood*, 258 Fed. Appx. 817, 820 (6th Cir. 2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

---

[1] That the initiation or issuance of that order by way of the referred-to show cause may have violated the automatic stay has not been argued by the Defendant, nor does it materially affect the Court's conclusion.

3

## Discussion

### The §523(a)(2)(A) Count

Section 523(a)(2)(A) pertains to "any debt… *for money, property, services, or an extension, renewal, or refinancing of credit*, to the extent obtained by… false pretenses, a false representation, or actual fraud[.]" § 523(a) (emphasis added). Plaintiff does not allege, nor can it prove, that Defendant obtained from Plaintiff any money, property, services, or credit based on the above-recited facts. Instead, Plaintiff alleges that it incurred financial damages in the form of attorney fees in enforcing the non-compete agreement and, as a result, Defendant should reimburse Plaintiff for the same. Plaintiff's allegations, even if proven true, would not constitute an actionable § 523(a)(2)(A) case, even under the broadest interpretation of that provision. Therefore, the Court grants Defendant's Motion for Summary Judgment as it relates to Plaintiff's § 523(a)(2)(A) count.

### The §523(a)(6) Count

As noted, Defendant concedes that she did in fact violate the non-compete agreement at various times. The pertinent issue is whether or not such essentially contractual violations created a debt to Plaintiff that was for a willful and malicious injury. Under § 523(a)(6), "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis original). "Willful" means a deliberate or intentional injury. *Id.* To establish that a defendant willfully injured it, a plaintiff must show that the defendant either acted with an actual intent to cause the alleged injury or a belief that the alleged injury was substantially certain to result from his act. *Phillips v. Weissert* (*In re Phillips*), 434 B.R. 475, 483 (B.A.P. 6th Cir. 2010) (citing *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463-64 (6th Cir. 1999)). "The term

4

malicious is defined as conduct taken in conscious disregard of one's duties or without just cause or excuse." *In re Little*, 335 B.R. 376, 383-84 (Bankr. N.D. Ohio 2005) (quoting *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

Plaintiff relies upon (a) Defendant's multiple violations of the non-compete agreement; (b) what Plaintiff views as circumstantial evidence militating in favor of a conclusion that Defendant was aware of the existence of the non-compete agreement, her obligations thereunder, and the necessary effects of a breach of those obligations; and (c) what Plaintiff views as Defendant's dishonest statements. The Court finds genuine issues of material fact that preclude granting summary judgment in favor of either party on the § 523(a)(6) count. As was well stated by the court in *In re Lott*, 363 B.R. 835, 838 (Bankr. N.D. Ohio 2006) with respect to the scienter requirement of § 523(a)(6):

> As a general rule, however, making such a determination, which goes to the litigant's state of mind, is not appropriate on a motion for summary judgment. *Middleton v. Reynolds Metals Co.*, 963 F.2d 881, 882 (6th Cir.1992). Summary judgment serves to substitute for a trial; but it is at a trial where factors that most often go into a state of mind determination are placed before the trier-of-fact— e.g., credibility determinations, testimony given on cross-examination and witness demeanor.

Here, there exist genuine issues of material fact as to what Defendant knew, when she knew it, what her intent and scienter were at the times she violated the non-compete agreement, whether she reasonably relied on the advice of her bankruptcy counsel, etc. These issues are inherently fact-intensive and disposition here by summary judgment is inappropriate.

Defendant argues that the January 8, 2014 stipulated-to state court permanent injunction (which, as noted, provided that Defendant would pay Plaintiff $5,000 in attorney fees in exchange for the dismissal of that action) somehow should be granted collateral estoppel effect in that it should be seen as a finding that there was no willfulness or maliciousness involved, thus

precluding any inquiry by this Court into those determinative issues. Quite apart from the fact that it involved only the $5,000 portion of the much larger sum of attorney fees allegedly incurred and being sought here in this adversary proceeding, collateral estoppel under applicable Michigan law requires that the issue be "actually and necessarily litigated" and consent judgments do not satisfy this requirement. *Carmona v. Morrison*, 424 B.R. 227, 230 (E.D. Mich. 2010) (counting cases).

Defendant also argues that the violation(s) of the state court permanent injunction took place *after* she had filed her bankruptcy petition, and that any such damages therefrom are not properly before the Court as part of this adversary proceeding. There exist genuine issues of material fact as to what portions of Plaintiff's asserted damages, if any, are attributable to post-petition conduct (however, the Court cannot help but comment that Defendant's success on this argument may prove to be a pyrrhic victory because any post-petition debts would be nondischargeable even without Plaintiff proving a § 523(a)(6) case).

Therefore, with respect to the § 523(a)(6) count, Plaintiff's and Defendant's motions for summary judgment are each denied. The Court will contemporaneously enter an appropriate order and will issue a notice of status conference relative to scheduling matters and the possibility of mediation.

**Signed on July 22, 2015**

/s/ Walter Shapero
                              Walter Shapero
                              United States Bankruptcy Judge